Malkit SINGH, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES.

No. 08–3162.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) July 8, 2009.

Filed: July 13, 2009.

Viney K. Gupta, Esq., Orange, CA, for Petitioner.

Sharon M. Clay, Esq., Richard M. Evans, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Malkit Singh, a native and citizen of India, entered the United States in December 1997 as a visitor for pleasure with authorization to remain for six months. He overstayed his admission period and, in February 1999, was charged as being removable pursuant to Immigration and Nationality Act ("INA") § 237(a)(1)(B) [8 U.S.C. § 1227(a)(1)(B) ]. After unsuccessfully applying for asylum and withholding of removal, Singh filed a motion to reopen with the Immigration Judge ("IJ"), asking for leave to present evidence and for consideration of relief under the United Nations Convention Against Torture ("CAT"). The IJ denied the request; the Board of Immigration Appeals ("BIA") dismissed Singh's appeal in July 2001 due to his failure to file a brief.

In January 2002, Singh filed a "Motion to Reconsider" with the BIA. Treating the motion as a request to reopen the proceedings, the Board denied relief, holding that the motion was untimely and that Singh failed to establish changed conditions in India so as to excuse the 90–day deadline for filing a motion to reopen. Singh filed a petition for review, which we denied in November 2003. We agreed with the BIA that Singh's "motion to reconsider" had actually been a motion to reopen the proceedings, and we concluded that the Board had not abused its discretion in denying the motion as untimely. *See Singh v. Ashcroft,* No. 02–4605, slip op. at 5 (3d Cir. Nov. 17, 2003) (nonprecedential opinion).

Singh then filed another motion to reopen with the BIA, reiterating his fear that he would be persecuted in India because of his support for Sikh separatism; he also indicated that he sought reopening to pursue an adjustment of status based on a pending I–140 (petition for alien worker) application. The Board denied the motion, holding that it was barred by regulations limiting the number of and the time for filing motions to reopen. *See* 8 C.F.R. § 1003.2(c)(2). Instead of filing a petition for review, Singh again moved to reopen the proceedings, this time including documentation indicating that his I–140 application had been approved in December 2003. The Board held that the motion was number-barred. Singh filed a petition for review, which we denied. *See Singh v.*

*Ashcroft,* No. 04–2313, slip op. at 7 (3d Cir. Jan. 12, 2005) (nonprecedential opinion).

In March 2008, Singh filed with the BIA a "Motion to Terminate Removal Proceedings" so that the Department of Homeland Security could adjust his status pursuant to the approved I–140 visa petition. The Board denied the motion. It concluded that the proceedings would first have to be reopened before they could be terminated. The BIA held, however, that Singh's motion was time-and number-barred, and the Board refused to reopen the proceedings sua sponte. Singh filed a timely petition for review.

We have jurisdiction over the petition for review pursuant to INA § 242 [8 U.S.C. § 1252]. We review the BIA's denial of a motion to reopen for abuse of discretion, and will not disturb the decision unless it was arbitrary, irrational or contrary to law. *See Zheng v. Att'y Gen.,* 549 F.3d 260, 265 (3d Cir.2008).

Pursuant to 8 C.F.R. § 1003.2(c)(2), an alien "may file only one motion to reopen," and the motion must be filed "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened."[1] *See also* INA § 240(c)(7)(C)(I) [8 U.S.C. § 1229a(c)(7)(C)(I) ]. Singh does not dispute that his motion was filed beyond the ninety-day deadline, nor does he challenge the finding that the motion was number-barred. Instead, Singh argues that he is entitled to equitable tolling of the time and numerical limitations based on ineffective assistance of counsel. Importantly, though, Singh waived the equitable tolling argument by failing to raise it with the BIA, *see* INA § 242(d)(1) [8 U.S.C. § 1252(d)(1) ], and he did not comply with the procedural requirements of *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). *See also Matter of Compean,* 25 I. & N. Dec. 1 (BIA 2009). Singh also asserts that the visa petition approval process is "hopelessly slow and ineffective." We have held, however, that "the various discretionary privileges and benefits conferred on aliens by our federal immigration laws do not vest in aliens a constitutional right to have their immigration matters adjudicated in the most expeditious manner possible." *Mudric v. Att'y Gen.,* 469 F.3d 94, 99 (3d Cir.2006). Finally, Singh argues that he is prima facie eligible for adjustment of status, that the "[i]ntent of Congress was clear to enable Singh to adjust [his] status," and that the BIA "knew or should have known" that he had initiated the employment-based visa process before it denied his first appeal in July 2001. None of these arguments has any bearing on the whether the BIA abused its discretion in denying Singh's most recent motion to reopen as untimely.[2]

For the foregoing reasons, we will deny the petition for review.

---

1. Although the regulations provide exceptions to these time and numerical limitations, none apply in this case. *See* 8 C.F.R. § 1003.2(c)(3).

2. To the extent that Singh alleges that the BIA incorrectly refused to sua sponte reopen the proceedings, we lack jurisdiction to consider such a challenge. *See Calle–Vujiles v. Ashcroft,* 320 F.3d 472, 475 (3d Cir.2003).